IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY HOWARD | ) | CASE NO. 4:10CV1128 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER . |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Tommy Howard ("Howard"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He pled guilty in the United States District Court for the Southern District of Ohio to possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). He was deemed a career offender under U.S.G.G § 4B1.1 based on a state court conviction of drug trafficking and received an enhanced sentence of 292 months, five years of supervised release, and a $1000.00 fine. Howard was unsuccessful in his appeal to the United States Court of Appeals for the Sixth Circuit and on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Howard states that he was charged by the State of Ohio in a four count indictment, one of the counts being a drug offense which caused him to be erroneously classified as a career offender. As a result his federal sentenced was enhanced. It takes two prior predicate felonies for a federal defendant to be sentenced as a career offender and he alleges that he does not qualify. Howard

asserts that he is actually innocent of the being a career offender and, therefore this Court should order that he be resentenced without the enhancement.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under

§ 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

In *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001), the court held that the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. The United States Supreme Court defined actual innocence as factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). In order to establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* The petitioner is required to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Oguaju v. Eichenlaub,* 2008 WL 2998147 * 2 (E.D. Mich., Aug 1, 2008).

Howard's claim is actually a legal one. He does not claim actual innocence of the federal


crime of which he was convicted but actual innocence of being a career offender. The term "legal innocence" is distinguishable from claims of "actual innocence" of the underlying offense charged in the indictment. *Poole v. Barron*, 2004 WL 5605485 * 5 (E.D.Ky., May 26, 2004). 28 U.S.C. § 2241 cannot be used to assert a claim of actual innocence of a sentence enhancement which had been imposed by another court at least five years earlier. *Id.*; *In McClurge v. Hogsten*, 2010 WL 2346734 * 4 (E.D .Ky., Jun. 10, 2010), the petitioner alleged that one of the two predicate state convictions should not have been used to qualify him for the sentence enhancement. The court found that to date, the federal courts have not extended the reach of the savings clause to those petitioners challenging only their sentence. He is not attempting to assert a claim that he is actually innocent of the state charge of drug trafficking. *United States v. Brown*, 2009 WL 385809 * 3 (E.D. Ky., Feb. 17, 2009).

Howard is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). He has not shown that a § 2255 Motion would have been inadequate or ineffective in a manner entitling him to file under § 2241.

Accordingly, This action is dismissed. *See* 28 U.S.C. § 2243.[1]  The Court finds that Howard

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.

has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

  IT IS SO ORDERED.


Date: *7/20/10*             */s/Dan Aaron Polster*
                    JUDGE DAN AARON POLSTER
                    UNITED STATES DISTRICT JUDGE